UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK THOMAS FREEMAN, #189355,

    Petitioner,

                             Civil No: 2:07-CV-10350
                             Honorable Denise Page Hood
                             Magistrate Judge Donald A. Scheer

v.

JAN E. TROMBLEY,

    Respondent.
_____/

**OPINION & ORDER: GRANTING MOTION FOR WITHDRAWAL
OF ATTORNEY [Docket No. 17]; GRANTING MOTION FOR EXTENSION
OF TIME [Docket No. 18]; GRANTING MOTION FOR LEAVE TO SUPPLEMENT
PETITION [Docket No. 22]; DENYING MOTION FOR DISCOVERY [Docket No. 23];
DENYING MOTION FOR EVIDENTIARY HEARING [Docket No. 24]; DENYING
MOTION TO EXPEDITE [Docket No. 25]; DENYING MOTION FOR APPELLATE
BOND [Docket No. 26]; GRANTING MOTION TO EXPAND RECORD
[Docket No. 27]; AND GRANTING MOTION FOR LEAVE TO FILE [Docket No. 28]**

**I. Introduction**

Petitioner has filed this habeas petition pursuant to 28 U.S.C. §2254 and raises issues concerning ineffective assistance of trial and appellate counsel and prosecutorial misconduct. He was convicted of first-degree murder and was sentenced to life imprisonment. Petitioner has filed several motions, none of which have been answered by Respondent, and the Court's findings are detailed below.

    **A. Withdrawal as Petitioner's Counsel**

Petitioner's pro bono attorney has filed a motion to withdraw as counsel citing "a clear breakdown in the attorney-client relationship which precludes counsel from giving

effective assistance to his client and Petitioner is desirous of proceeding in *pro per.*" (Mot. to Withdraw, pg. 2). Petitioner subsequently filed a stipulation to counsel's withdrawal stating that he did not perceive there to be any "breakdown in the attorney-client relationship." Rather, he believes the following led to counsel's decision to withdraw: (1) counsel became aware of the volume of work involved in pursuing this matter and Petitioner's active participation in litigating the case; (2) counsel was reluctant to pursue the prosecutorial misconduct claim since the prosecutor at the time was the Honorable Robert. H. Cleland; and (3) counsel would promise to perform certain tasks in litigating this matter, and he either failed to do so or failed to do so timely.

The well-settled rule is correctly stated in 7A Corpus Juris Secundum, Attorney and Client, § 268: "Generally, an attorney may not, in the absence of the client's consent, or compelling circumstances, withdraw from a case without justifiable cause, and then only after reasonable notice to his or her client, and on leave of the court." 7A C.J.S., Attorney & Client, §268 (June 2008); *see also Lovorn v. Johnston*, 118 F.2d 704, 706 (9th Cir. 1941)

In this case, Petitioner has consented to counsel's withdrawal by filing a stipulation with the Court **[Docket No. 18, Sept. 19, 2008]**. Also, upon the Court's review of the pleadings filed by Petitioner *in pro per* since counsel's withdrawal motion was filed with the Court, it is evident that he can more than adequately present and articulate any legal or factual support for his habeas claims to the Court. The Court will grant the motion.

### B. Motion for Extension of Time to File a Reply Brief

Petitioner has filed a motion for an extension of time in which to file a reply to Respondent's seventy-eight (78) page answer. He seeks, minimally, an additional thirty

(30) days in which to reply. Petitioner has since filed an extensive reply brief **[Docket No. 21, filed Oct. 29, 2008]**, with the Court, which was entered within a forty (40) day time frame. The Court accepts the filing of Petitioner's reply brief and grants the motion.

### C. Leave to Supplement Petition

Petitioner seeks to supplement his habeas petition by adding seven (7) additional claims. He asserts that these issues were raised in his motion for relief from judgment and that he requested on several occasions that his attorney at the time include these issues in the habeas petition and/or supplement the petition thereafter. It is Petitioner's position that these new issues are necessary in order to demonstrate his actual innocence and the fact that he was denied a fair trial.

The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely motion. *See Anderson v. United States,* 39 Fed. Appx. 132, 133 (6th Cir. 2002); *Oleson v. United States,* 27 Fed. Appx. 566, 568-70 (6th Cir. 2001). However, once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism & Effective Death Penalty Act of 1996 (AEDPA).

Petitioner's case was filed beyond the statute of limitation period. However, he asserts that the discovery of new evidence allows this case to survive the procedural bar. For purposes of this motion, it is sufficient to state that Petitioner's motion to supplement was not filed until approximately one (1) year and ten (10) months after the habeas case was filed with this Court. This would place the filing of the motion well beyond the

limitations period since time is not tolled while the habeas petition is pending in Court. However, if Petitioner's proposed amendment relates back to his initial petition under the standards announced by the Supreme Court in *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005), supplementation will be permitted.

In *Mayle,* the Supreme Court held that when a petitioner seeks leave to amend the petition to add claims, after the expiration of AEDPA's one-year limitations period, the proposed amendment relates back to the original pleading only "if the original and amended pleadings 'ar[i]se out of the same conduct, transaction or occurrence.'" *Mayle,* 125 S. Ct. at 2569 (quoting Fed. R. Civ. P. 15(c)(2)). The *Mayle* Court further held that "relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims." *Id.* at 2571. Relation back is permitted "only when the claims added by the amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 2571. As such, a reviewing court must look to the facts from which the claims arise.

The Court finds that each of Petitioner's new claims not only arises from the same core facts presented in his original petition, but these issues are actually discussed within the text of the original habeas petition; they are just not captioned as isolated habeas issues for review. Therefore, these *new* issues are part and parcel of the 'common core of operative facts' set forth in the original petition; and the motion is granted.

The Court will briefly address each of the seven issues. "Supplemental Issue I," (actual innocence) is raised on pages 12-13 of the original petition. "Supplemental Issue II" (motion for new trial) is raised on pages 14-15 of the original petition. "Supplemental

4

Issue III" (ineffective assistance of trial counsel) is raised on pages 17-31 of the original petition. "Supplemental Issue IV" (ineffective assistance of appellate counsel) is raised on pages 32-37 of the original petition. "Supplemental Issue V" (cumulative error) is not raised within the text of the original petition. However, it is not an issue that is based upon events separate 'both in time and type' from the originally raised habeas issues. It merely states that the cumulative effect of the trial court errors already raised should result in habeas relief. "Supplemental Issue VI" (prejudicial jury garb) is raised on pages 34-35 of the original petition. Finally, "Supplemental Issue VII" (jury instruction error) is raised on pages 35-36 of the original petition.

### D. Motion for Discovery

Petitioner claims that there are "discoverable portions of files, evidence, notes, exhibits, photographs and related materials" that he needs to review in their entirety. Petitioner claims that he along with other persons in the media, law enforcement, investigators and para-professionals have been denied access to these materials. Essentially, Petitioner seeks access to any and all information remotely related to his case to which he believes access has been previously denied.

A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). Instead, Rule 6 of the Rules Governing Section 2254 Cases provides that in habeas proceedings "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.§ 2254. To establish "good cause" for discovery, a habeas petitioner himself may establish

that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *Bracy,* 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F.3d. 442, 460 (6th Cir. 2001). The advisory committee notes explain that any requested discovery must be "relevant and appropriately narrow." Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll.§ 2254, Advisory Committee notes.

Because Petitioner's discovery request is so overbroad and overreaching, despite any proposed relevance the materials may have to this case, it is not in compliance with Rule 6. The Court has voluminous Rule 5 materials, a 350 page habeas petition including exhibits, a 78 page answer, a 500 page reply brief, including exhibits, and many motions with several exhibits attached for review. Should the Court find after reviewing these materials that additional discovery is necessary, it will reconsider its decision. No additional motions need to be filed regarding this issue. Petitioner's motion is denied without prejudice.

### E. Motion for Evidentiary Hearing

Petitioner requests an evidentiary hearing "to address the Habeas claims of the Petitioner, as such claims require the development of a full record and the taking of testimony where appropriate, as well as to permit review of newly discovered evidence submitted by the Petitioner in his Reply to the Respondent's Answer to his Habeas Petition, the failings of Judge Adair to rule on those issues properly presented by the Petitioner in his MCR 6.508(D) Motion for Relief from Judgment based on his actual innocence and

facts in support thereof, and to address any other questions this Court might have regarding this matter." (Mot. Evid. Hr'g., pg. 8).

Two questions are presented: (1) is an evidentiary hearing necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. §2254; and (2) is a hearing permitted under 28 U.S.C. (e)(2). With respect to the second issue, the Court finds that §2254(e)(2) supports an evidentiary hearing in this case. Under §2254(e)(2), "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless" one of two exceptions is met. According to the United States Supreme Court, Congress' use of the phrase "'failed to develop' implies some lack of diligence . . . " *Williams v. Taylor,* 529 U.S. 420, 430, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000). "Diligence *. . .* depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . . " *Id.* at 435.

Petitioner appears to have been diligent in seeking an evidentiary hearing in state court. The record indicates that Petitioner sought an evidentiary hearing with the Michigan Court of Appeals, which remanded the case for such a hearing to take place. However, the issues were limited to whether trial counsel's representation was inadequate due to his failure to object to identification evidence and whether there had been undisclosed promises of leniency to a jail house informant who testified against Petitioner at trial. Therefore, the Court concludes that an evidentiary hearing would be permissible under §2254(e)(2) because Petitioner has not "failed to develop the factual basis" of his claims in the state court proceeding.

However, in exercising their discretion under Rule 8 Governing §2254 Cases in United States District Courts, courts should "focus upon whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the Petitioner's claim." *See Campbell v. Vaughn,* 209 F.3d 280, 287 (3d Cir. 2000). The United States Supreme Court recently explained,

> [i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by §2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
>
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan,* 127 S.Ct. 1933, 1940, 550 U.S. 465, 474, 167 L. Ed. 2d 836 (2007) (citations and footnote omitted). In the Sixth Circuit, when "there are factual issues in dispute and an insufficient record upon which to resolve the legitimate claims advanced by the petitioner," an evidentiary hearing must be allowed. *Alcorn v. Smith,* 781 F.2d 58, 60 (6th Cir. 1986). "Without a hearing, there would never be an opportunity for a habeas petitioner to meet the Supreme Court's cause and prejudice requirement." *Id.*

At this juncture, the Court finds that the record in this case is sufficient upon which to resolve Petitioner's claims. The Rule 5 materials are voluminous. The habeas petition, Petitioner's reply, and all pleadings filed by Petitioner while representing himself *in pro per,* have multiple exhibits and appendices attached. These same pleadings without the attachments are lengthy and detailed with facts, analysis and legal support. Finally, the

Court is granting Petitioner's motion to expand the record and motion seeking leave to submit video evidence, *infra,* which further add to evidence for the Court's review in lieu of an evidentiary hearing.

However, Petitioner's motion will be reconsidered if following its review of the record, the Court determines that an evidentiary hearing is required. The motion is denied without prejudice.

### F. Motion to Expedite

Petitioner asserts that because he: (1) has been in prison for 22 years; (2) is actually innocent; (3) has presented a "mountain of evidence" in his favor; and (4) has health challenges that require attention, that the review of his habeas claims should be expedited. Petitioner must persuade the Court that there is a need for the immediate review of his habeas petition by demonstrating an independent basis for such consideration. *See, Rein v. Socialist People's Libyan Arab Jamahiriya,* 162 F.3d 748, 756 (2d Cir. 1998); *Danish News Co. v. City of Ann Arbor,* 517 F. Supp. 86, 88 (E.D. Mich. 1981). In order to determine whether Petitioner's habeas petition should be immediately considered, the Court will look at the subject matter of the habeas petition and the remedy Petitioner seeks, and any prejudice or hardship the parties may incur as a result of the Court's initial determination and subsequent decision to grant or deny habeas relief. *See, Media Access Project v. F.C.C.,* 883 F.2d 1063, 1071 (D.C. Cir. 1989); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)

The Court finds that Petitioner has failed to show "good cause" to expedite a ruling on his petition for habeas relief. He has not demonstrated that reviewing this matter in the Court's normal course would be prejudicial to his interest or constitute undue delay in light

of the fact that: (1) the sizeable Rule 5 materials were recently filed on September 12, 2008; (2) Petitioner's lengthy reply with a multitude of attachments was filed in October 29, 2008; (3) the record was expanded as of the date of this order; and (4) the habeas petition was supplemented as of the date of this order. *See Castillo*, 162 F. Supp. 2d at 576. Although, Petitioner cites a basis in support of his position, the Court does not find it persuasive in light of the existing circumstances in this case. The motion is denied.

### G. Motion for Appellate Bond

Petitioner seeks the issuance of bond in this matter and states that his request should be granted because: (1) his habeas issues are meritorious; (2) he is not a flight risk; (3) he has promising employment opportunities; and (4) he has some health challenges.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a "substantial claim of law based on the facts surrounding the petition [and also] the existence of 'some circumstances making [the motion for bail] exceptional and deserving of special treatment in the interest of justice." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993) (citing *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir.1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson,* 900 F.2d at 79. Federal district courts may grant bail when granting a writ of habeas corpus. *Sizemore v. District Court,* 735 F.2d 204, 208 (6th Cir. 1984). By implication the court should not grant bail under other circumstances.

Exceptional circumstances justifying release on bond pending a decision in a habeas case have been limited to situations where: (1) the prisoner was gravely ill; (2) the prisoner committed a minor crime and is serving a short sentence, which is near completion; or (3) possibly when there was extraordinary delay in processing the habeas

corpus petition. *Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir. 1992); *Puertas v. Overton,* 272 F.Supp.2d 621, 628-29, 630-32 (E.D. Mich. 2003)(granting bond where the 76 year old petitioner presented a substantial claim of law) (trial court granted a new trial on a *Brady v. Maryland,* 373 U.S. 83 (1963) issue based on the facts and petitioner was being treated for bladder cancer and heart disease). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee,* 989 F.2d at 871.

Even if the Court were to find that Petitioner has established a substantial claim of law,  his request for bond would still fail for two reasons. First, it is inappropriate to release a petitioner on bond even when the petition makes out a clear case for his release. *Benson v. California,* 328 F.2d 159, 162 (9th Cir. 1964).  Something more than a meritorious claim is required before release on bond is justified. *Id.*  Second, the "exceptional circumstance" prong of the bond requirement must also be met; and Petitioner has not shown the existence of any such circumstances in this case.  Although, Petitioner makes the above stated arguments in support of the issuance of bond, these are not the factors that establish exceptional circumstances under federal law. *Landano,* 970 F.2d at 1239; *Calley v. Callaway,* 496 F.2d 701, 702 n.1 (5th Cir. 1974); *See Bergmann v. McCaughtry,* 857 F.Supp. 640, 641 (E.D. Wisc. 1994)(concluding that a willingness to abide by the terms of bail if released does not support a claim for release on bail.)

Petitioner has presented no evidence that he is gravely ill.  Further, Petitioner cannot argue that he has committed a minor crime and is serving a short sentence, which is near completion, as he was convicted of first-degree murder and is serving a

11

life sentence. Finally, there has been no extraordinary delay in processing his habeas corpus petition, since the Rule 5 materials were recently filed and the record has been supplemented, *supra,* and expanded, *infra,* as of the date of this order. The Court does not find that Petitioner has established exceptional circumstances justifying the issuance of bond in this matter.

### H.  Motion to Expand the Record & to Submit DVD Evidence

Petitioner seeks to expand the record by adding several documents regarding the investigation of Petitioner's involvement in the victim's murder, i.e., police reports, witness statements, affidavits, photographs, interviews on DVDs, etc.

Rule 7(a) of the Rules Governing §2254 cases, 28 U.S.C. foll. §2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the parties to expand the record by submitting additional materials relating to the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary material that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

The Court will grant Petitioner's motion and permit the record to be expanded to include all attachments to "Petitioner's Rule 7(a) Motion to Expand the Record" and his "Motion Seeking Leave of the Court to Submit Video (DVD) Evidence."

## II. Conclusion

Accordingly,

**IT IS ORDERED** that the "Motion to Withdraw as Counsel" **[Docket No. 17, filed Sept. 15, 2008]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Extension of Time" **[Docket No.18, filed Sept. 19, 2008]** is **GRANTED**

**IT IS FURTHER ORDERED** that "Petitioner's Motion for Leave to Supplement" **[Docket No. 22, filed Oct. 30, 2008]** is **GRANTED.**

**IT IS FURTHER ORDERED** that "Petitioner's Motion for Discovery" **[Docket No. 23, filed Nov. 3, 2008]** is **DENIED** WITHOUT PREJUDICE**.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Evidentiary Hearing" **[Docket No. 24, filed Nov. 3, 2008]** is **DENIED** WITHOUT PREJUDICE**.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion To Expedite" **[Docket No. 25, filed Nov. 3, 2008]** is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Appellate Bond" **[Docket No. 26, filed Nov. 3, 2008]** is **DENIED.**

**IT IS FURTHER ORDERED** that "Petitioner's Motion Rule 7(a) Motion to Expand the Record"  **[Docket No. 27, filed Nov. 3, 2008]** is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion Seeking Leave of the Court to Submit Video (DVD) Evidence" **[Docket No. 28, filed Nov. 10, 2008]** is **GRANTED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 20, 2009

 I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager
