**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


FREDERICK THOMAS FREEMAN, #189355,

        Petitioner,

                           Civil No: 2:07-CV-10350
                           Honorable Denise Page Hood
                           Magistrate Judge Donald A. Scheer


v.

JAN E. TROMBLEY,

        Respondent.

_____/


**OPINION & ORDER GRANTING IN PART AND DENYING IN PART**
**PETITIONER'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

      Petitioner has filed a habeas petition pursuant to 28 U.S.C. §2254.  He was

convicted of first-degree murder and was sentenced to life imprisonment.  Before the Court

is Petitioner's Motion for Leave to File Supplemental Law Brief **[Docket No. 32, filed on**

**September 22, 2009]**.  Petitioner states as follows:

> The Petitioner acknowledges that he has, through his many voluminous
> submissions, somewhat burdened the record before this Court.  However, he
> respectfully requests the Court to allow the filing of this newest supplemental
> pleading whose objective is to bring to the Court's attention facts, circumstances
> and case authority, not previously submitted, in support of his claims.  The brief
> pertains to issues already raised in the Petition but seeks to clarify those issues and
> provide supplemental cases.

(Mot. pg. 1).  Respondent has filed an answer objecting to the Court's acceptance of

Petitioner's supplemental brief **[Docket No. 33, filed on September 23, 2009]**.

Respondent asserts that the brief attempts to introduce two new issues for habeas review.

Respondent  further argues that, should the Court grant  Petitioner's motion and interpret

it as raising new claims,  there be an opportunity for Respondent to submit an answer to

the new substantive issues.  For the reasons that follow, the Court grants Petitioner's

motion only as it relates to Supplemental Issues II - IV.  Petitioner's motion is denied as to

Supplemental Issue I.

## I.  DISCUSSION

Petitioner seeks to file a supplemental brief in support of the following issues:

Supplemental Issue I
The suggestive photo identification procedure led to unreliable and erroneously admitted testimony  of the only two witnesses who claim that Petitioner was allegedly near the crime scene.

Supplemental Issue II
The improper remarks by and actions of the police and prosecutor deprived the defendant of a fair trial.

Supplemental Issue III
The repeated display to the jury of the Petitioner in jail garb, shackles, and with an extensive security detail was a violation of due process.

Supplemental Issue IV
The legal performance of Petitioner's defense counsel was constitutionally ineffective and prejudicial because of his drug abused state, undisclosed conflict of interest, and his failure to render a competent defense.

(Mot. Brief, pg. 1).

The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when

justice so requires, has been interpreted to allow supplementation and clarification of claims

initially raised in a timely motion.  *See Anderson v. United States,* No. 01-2476, 2002 WL

857742 at *3 (6th Cir. May 3, 2002); *Oleson v. United States,* No. 00-1938, 2001 WL

1631828 (6th Cir. Dec. 14, 2001).   However, once the statute of limitations has

expired, allowing amendment of a petition with additional grounds for relief would defeat

the purpose of the Antiterrorism & Effective Death Penalty Act of 1996 (AEDPA).

For purposes of this motion, it is sufficient to state that Petitioner's motion to supplement was not filed until approximately two (2) years and eight (8) months after the habeas case was filed with this Court. This would place the filing of the motion well beyond the limitations period since time is not tolled while the habeas petition is pending in Court. However, if the content of Petitioner's proposed supplemental brief relates back to his initial petition under the standards announced by the Supreme Court in *Mayle v. Felix*, 545 U.S. 644 (2005), supplementation will be permitted.

In *Mayle,* the Supreme Court held that when a petitioner seeks leave to amend the petition to add claims, after the expiration of AEDPA's one-year limitations period, the proposed amendment relates back to the original pleading only "if the original and amended pleadings "ar[i]se out of the same conduct, transaction or occurrence." *Mayle,* 125 S. Ct. at 2569 (quoting Fed. R. Civ. P. 15(c)(2)). The *Mayle* Court further held that "relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims." *Id.* at 2772. Relation back is permitted "only when the claims added by the amendment arise from the same core facts, as the new claims depend upon events separate 'both in time and type' from the originally raised episodes." *Id.* at 2571. A reviewing court must look to the facts from which the claims arise.

### A. Supplemental Issues II, III & IV

The Court finds that Supplemental Issues II, III & IV not only arise from the same core facts presented in Petitioner's original petition, but these issues are actually discussed within the text of the original habeas petition and in his first motion for leave to supplement

which was filed on October 30, 2008 and subsequently granted on March 20, 2009.[1]

Therefore, Supplemental Issues II, III & IV are part and parcel to the 'common core of

operative facts' set forth in the original petition; and the motion is granted as to those issues

only.

## B. Supplemental Issue I

The Court, however, will not supplement Petitioner's habeas petition with

Supplemental Issue I, which raises two sub-issues: (1) whether the photo identification

procedures were unduly suggestive; and (2) whether the prosecutor committed a *Brady* [2]

violation by withholding evidence of the unduly suggestive pretrial identification procedures.

Addressing the first sub-issue, actual innocence is one of Petitioner's claims.  This

argument implies that the witnesses who placed Petitioner near the scene of the crime

were mistaken in their identification.  The argument does not, however, imply that the pre-

trial photo identification procedures were unduly suggestive.  Therefore, this is a new issue

which must relate back to the original habeas petition in order to supplement the pleadings

before the Court.

The grounds for relief relative to unduly suggestive pre-trial procedure claims are

supported by facts that differ from the original habeas claims.  Petitioner's new claim

requires a "totality of the circumstances" analysis as to the identification of Petitioner,

discussion of whether the identification procedure was suggestive, and a review of whether

---

[1]Supplemental Issue II (Pet. pp. 37 - 44);  Supplemental Issue III (Pet. pp. 34 -
35; Mot., dated 10/30/08, pp. 38 - 48); Supplemental Issue IV (Pet. pp. 17 - 31; Mot.,
dated 10/30/08, pp. 17 - 20)

[2]*Brady v. Maryland,* 373 U.S. 83 (1983)

the identification was reliable; none of which were issues that were a part of the original petition. See *Manson v. Brathwaite,* 432 U.S. 98, 106 (1977); *Neil v. Biggers,* 409 U.S. 199-200 (1972). Moreover, in the original habeas petition there was no need to probe into facts regarding the validity and reliability of the witness' identification of Petitioner as being near the scene of the murder since there were no legal issues raised which required the Court to review such matters. In fact, Petitioner admits in his petition that he cannot establish whether the photo identification was unduly suggestive because the photographic array was lost or destroyed and no attorney was present during the photo showing. (Pet. pg. 9, fn. 2). Therefore, to now present an argument that the photo identification was in fact unduly suggestive, making the witness' testimony unreliable and inadmissible, is one not based on the facts presented in the original petition.

Petitioner's second sub-issue is that the prosecutor withheld evidence of the unduly suggestive photographic showing. Although Petitioner raises prosecutorial misconduct claims in his original petition and first supplemental pleading, the alleged due process violation set forth in the supplemental pleading presently before the Court constitutes new grounds for relief. The *Brady* violation presented in the previous pleadings dealt with non-disclosure of alleged perjured testimony. (Pet. pg. 41). Other alleged prosecutorial misconduct included eliciting prejudicial and irrelevant testimony and making improper statements during closing argument. *Id.* at 39 - 44. As with the first sub-issue, the grounds for relief are supported by facts that differ in both time and type from the original prosecutorial misconduct claim. As set forth above, Petitioner's new claim is not one which is a part of the original petition as it is premised upon the theory that the prosecutor withheld evidence of the unduly suggestive photographic showing. The identification

5

issue is not a part of the original petition.  Therefore, the claim is based upon facts that are different from those presented in the original habeas pleading.

Since the new photo array identification claims do not consist of the same "common core of operative facts" as those set forth in the previous pleadings, the issue cannot relate back to the original petition and is therefore time barred.

## II.  Conclusion

**Accordingly,**

**IT IS ORDERED that Petitioner's Motion for Leave to File Supplemental Law Brief [Docket No. 32, filed September 22, 2009] is GRANTED IN PART AND DENIED IN PART.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager