# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FREDERICK THOMAS FREEMAN, #189355,

      Petitioner,

                            Civil No: 2:07-CV-10350
                            Honorable Denise Page Hood

v.

JAN E. TROMBLEY,

      Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO SET BAIL

On October 14, 2010, this Court entered an Opinion and Order and Judgment conditionally granting the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 **[Docket No. 42, filed on October 14, 2010]**. The Order stated that unless the State took action to afford Petitioner a new trial within ninety (90) days from the date of the Order, Petitioner may apply for a writ ordering Respondent to release him from custody. October 14, 2010 Opinion and Order at 52. On October 15, 2010, Respondent filed a Notice of Appeal **[Docket No. 44]**. On October 20, 2010, Petitioner filed a Motion to Set Bail **[Docket No. 46]**. Respondent filed a response on October 27, 2010 **[Docket No. 49]**, to with Petitioner filed a reply on November 5, 2010 **[Docket No. 50]**. Although the habeas corpus relief granted to Petitioner was conditional, this Court has analyzed Petitioner's request under the proper legal standard, and concludes that Petitioner does not prevail.

Conditional grants of a writ of habeas corpus provide the State with a window of time within which it may cure the constitutional error. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369

(6th Cir. 2006).  Conditional grants of the writ are favored because they provide the State an opportunity to cure its constitutional errors and maintain comity among co-equal sovereigns.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  The only difference between a conditional and an absolute grant of the writ of habeas corpus is that the conditional writ "lies latent unless and until the State fails to perform the established condition, at which time the writ springs to life."  *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006).  "When the state fails to cure the error, *i.e.*, when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus requires the petitioner's release from custody.'"  *Satterlee*, 453 F.3d at 369 (internal quotation omitted).  The conditional nature of the writ places within the district court the power to determine that its order has been substantially complied with and the release is not warranted.  *See Gentry*, 456 F.3d at 692 ("A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case.").  The time provision in the order granting the habeas petition does not limit the State's right to retry a petitioner but is solely a guide for when the petitioner must be released.  *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985).  Although the writ does not mention any appeal to the Supreme Court, "[t]he district court surely contemplated that the writ would not issue until after final decision by the Supreme Court.  To commence retrial before the Supreme Court had ruled would have been an unreasonable waste of judicial resources."  *Rose v. Engle*, 803 F.2d 721, 1986 WL 16122 (6th Cir. Sept. 9, 1986) (unpublished).

Habeas proceedings are civil in nature, therefore, the general standard  governing stays of civil judgments should also guide the courts in determining whether to release a habeas petitioner pending the State's appeal.  *Hilton*, 481 U.S. at 776.  The factors of a stay include:

whether the stay applicant has made a strong showing that he is likely to succeed on the merits; whether the stay applicant will be irreparably injured absent a stay; whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and where the public interest lies. *Id*. Other factors in determining whether to stay an order granting relief to a habeas petitioner include: petitioner's risk of flight; the risk that petitioner would pose a danger to the public if released; the State's interest in continuing custody and rehabilitation of the petitioner; the interest of the habeas petitioner in his release pending appeal; and the likelihood of the State's success on the merits of the appeal. *Id*. at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where the other factors are the weakest. *Id*. at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the State's prospects of success in its appeal. *Id.* at 778. Where the State fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the release of the petitioner should control. *Id.*

Respondent argues that this Court erred in tolling the statute of limitations applicable to this case. Respondent also argues that substantial questions exist as to whether Petitioner was denied his constitutional right to testify, whether Petitioner was denied effective assistance of counsel by counsel's failure to call Michelle Woodworth, and whether Petitioner is entitled to habeas relief on the basis of prosecutorial misconduct. The Court finds, based on its earlier decision, Respondent is not likely to succeed on the merits. However, although this factor does not strongly weigh in favor of Respondent, at the very least, Respondent has demonstrated "a substantial case on the merits." *Hilton*, 481 U.S. at 778.

3

As to the substantial injury to the other interested parties factor, Respondent argues that Petitioner will not be substantially harmed by denying bond as, given the nature of the crime, Petitioner would be re-arrested and re-tried, and his continued custody places him in same position as other pre-trial detainees charged with first-degree murder.  Petitioner states that his continued detention poses risks to his familial relationships and prevents him from getting the medical care he would otherwise get under his wife's insurance policy.  The Court finds that the habeas petitioner's interest in release pending appeal is always substantial.  However, The Sixth Circuit has noted that it would be a waste of judicial resources to retry Petitioner while awaiting appellate review of this Court's decision.  *Rose, supra.*  This factor weighs in favor of Respondent.

Regarding the public interest factor, Respondent argues that Petitioner presents a danger to the public if released, demonstrated by his conviction of first-degree murder and his Michigan Department of Corrections file.  Petitioner argues that there is nothing in his file that would indicate that he would present a danger to the community.  This Court finds that although Petitioner has a constitutional right to be free from a wrongful conviction, the public also has a strong interest in judicial economy and allowing Respondent to pursue an appeal.          This factor weights in favor of Respondent

Petitioner argues that his family and community ties prevent him from being a flight risk.  Respondent argues that Petitioner presents a great flight risk, as he has previously used false identities.  Additionally, Respondent argues that the State's interest in continued custody is at its highest in a case such as this, "where the remaining portion of the sentence to be served is long . . ."  *Id.* at 777.  Petitioner is sentenced to life in prison.  Respondent has demonstrated that

Petitioner may be a flight risk, and that the State has a heightened interest in Petitioner's continued custody.  These factors weigh in favor of Respondent.

Weighing the factors set forth above, the Court finds that the factors weigh in favor of staying the conditional writ until all appellate avenues have been pursued by Respondent.

Accordingly,

**IT IS ORDERED** that Petitioner's  Motion to Set Bail **[Docket No. 46, filed on October 20, 2010]** is **DENIED**.


 S/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE


Dated:  January 7, 2011


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 7, 2011, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5165

5