<div align="center">

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

</div>

FREDERICK THOMAS FREEMAN, #189355,

       Petitioner,

                                  Civil No: 2:07-CV-10350
                                  Honorable Denise Page Hood
                                  Magistrate Judge Donald A. Scheer

v.

JAN E. TROMBLEY,

       Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY

On October 14, 2010, this Court entered a Judgment in favor of Petitioner, conditionally granting his petition for habeas corpus **[Docket No. 42, filed on October 14, 2010]**. On November 19, 2010, Petitioner filed a Motion for Certificate of Appealability.**[Docket No. 52]**.

Pursuant to Rule 11 of the Rules Governing Habeas Corpus Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No such adverse order was entered in this case, as Petitioner's petition for habeas corpus was conditionally granted. To the extent a COA is necessary to proceed on the issues for which the Court denied habeas relief, the Court addresses these claims below.

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

"A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Petitioner seeks a certificate of appealability on his claims of ineffective assistance of counsel stemming from trial counsel's drug use; court error for presenting Petitioner to the jury in jail garb and shackles; prosecutorial misconduct for law enforcement making threats to Michelle Woodworth; cumulative error; and prosecutor's use of inflammatory and prejudicial testimony and props. Having reviewed Petitioner's claims, the Court finds that reasonable jurists could find debatable this Court's assessment of Petitioner's claims of ineffective assistance of counsel stemming from trial counsel's drug use; court error for presenting Petitioner to the jury in jail garb and shackles; prosecutorial misconduct for law enforcement making threats to Michelle Woodworth; and cumulative error. The Court **GRANTS** a certificate of appealability with respect to these issues.

With respect to Petitioner's claim of prosecutorial misconduct for using inflammatory and prejudicial testimony and props, based on the facts of Petitioner's case and the well-settled case law in this area, reasonable jurists would not find this Court's assessment debatable or

wrong. As explained in the Opinion and Order, to the extent error occurred, it would have been trial court error and not prosecutorial misconduct. The Court **DENIES** a certificate of appealability on this issue.

For the reasons set forth above,

IT IS ORDERED that Petitioner's Motion for Certificate of Appealability **[Docket No. 52, filed November 19, 2010]** is GRANTED IN PART and DENIED IN PART.

S/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 7, 2011, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5165